UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mack Green, Robynne Barber,
Michael Kennedy, Leon Gilmer,
Michael A. Robertson, David Thomas,
Eddie L. Oliver, and Andre T. Shipp,
and all others similarly situated,

          Plaintiffs,            **MEMORANDUM OPINION
                                           AND ORDER**
    v.                                   Civil No. 09-2129 ADM/JJG

SuperShuttle International, Inc.,
SuperShuttle Franchise Corporation, and
SuperShuttle of Minnesota, Inc.,

          Defendants.

---

Daniel W. Schermer, Esq., Daniel W. Schermer, P.A.; Judith K. Schermer, Esq., Judith K. Schermer, PLLC; and Mark A. Greenman, Esq., Law Office of Mark A. Greenman, Minneapolis, MN, on behalf of Plaintiffs.

Sari M. Alamuddin, Esq., and John W. Drury, Esq., Morgan Lewis & Bockius LLP, Chicago, IL; Nicole Haaning, Esq., Dorsey &Whitney, LLP, Minneapolis, MN, on behalf of Defendants.

---

# I. INTRODUCTION

On November 20, 2009, the undersigned United States District Judge heard oral argument on the above-captioned Plaintiffs' ("Plaintiffs") Motion to Remand [Docket No. 5]. For the reasons set forth below, Plaintiffs' motion is denied.

# II. BACKGROUND[1]

Defendants SuperShuttle International, Inc. ("SuperShuttle International"), SuperShuttle Franchise Corporation ("SuperShuttle Franchise") and SuperShuttle of Minnesota, Inc.,

---

[1] In considering a motion to remand, "[t]he allegations of the complaint as set forth at the time the petition for removal was filed are controlling." Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939)).

("SuperShuttle Minnesota") (collectively "Defendants") own and operate a shared-ride shuttle service to the Twin Cities International Airport using an integrated network of transportation, communication, and dispatch facilities. Notice of Removal [Docket No. 1], Ex. A (Compl.) ¶ 23. Plaintiffs, the vast majority of whom are Minnesota residents, are current and former employees of Defendants. Plaintiffs allege that as a condition of employment, Defendants required them to enter into franchise agreements specifying the rights and obligations of the parties. Compl. ¶ 30. Plaintiffs claim that Defendants have improperly characterized them as "franchisees" rather than as "employees." Id. Challenging this purported misclassification, Plaintiffs initiated a class action lawsuit on July 13, 2009, alleging that Defendants committed acts which violate the Minnesota Fair Labor Standards Act. Plaintiffs seek to recover lost wages, employment benefits, and restitution of franchise fees. Id. ¶¶ 31-38. On August 12, 2009, Defendants filed a Notice of Removal asserting jurisdiction in federal court should be pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

### III. DISCUSSION

**A.     Motion to Remand**

A case shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. See In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). When considering a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand. See id.

**B.     Burden of Proof under CAFA**

CAFA provides that federal courts have jurisdiction over class actions based on state law when (1) there is "minimal" diversity, meaning that at least one plaintiff and one defendant are from different states; (2) the amount in controversy exceeds $5,000,000; and (3) the action involves at least 100 class members. 28 U.S.C. § 1332(d)(2), (5)(B). Plaintiffs do not dispute that minimal diversity exists between the parties; therefore, at issue is whether the amount in controversy exceeds $5,000,000 and whether the action involves at least 100 class members.

**1.     Amount in Controversy**

Defendants begin their calculation of franchise fees in 2002 when they received notice from the State of Minnesota that their franchise registration became effective.[2] Plaintiffs argue that the recovery of franchise fees should instead begin in 2005 because that is the year Defendants received their "initial" registration filing from the State of Minnesota. Regardless of which method is used to calculate franchise fees, the amount in controversy is satisfied because Defendants have submitted evidence that they have received in excess of $5,000,000 in franchise fees since January 1, 2006. Robertson Decl. [Docket No. 2] ¶¶ 10-13. Furthermore, in addition to Plaintiffs' restitution claim, Plaintiffs seek damages for wages and benefits of more than $2,000,000, civil penalties, and attorney's fees. Therefore, even if Defendants' registration was not effective until 2005, on these facts, the Court concludes that Plaintiffs' claims satisfy CAFA's amount in controversy.

---

[2] Under the Minnesota Franchise Act, "no person may offer to sell any franchise in this state unless there is an effective registration on file . . . ." Minn. Stat. §80C.02.

## 2. Class Members

In addition to lost wages and employment benefits, Plaintiffs seek restitution to recover franchise fees paid to Defendants under the terms of the Plaintiffs' unit franchise agreements. Plaintiffs argue that Minnesota Statute Section 541.07(5) governs this action. Under that statute, an action for the recovery of wages must be commenced within two years (or three years if the nonpayment is willful and not the result of mistake or inadvertence). Under a two or three-year statute of limitations, Plaintiffs' argument continues, Defendants cannot satisfy CAFA's class member requirement. Defendants rely on City of Minneapolis v. Smith, 217 N.W.2d 848 (Minn. 1974), to support their assertion that Plaintiffs' claim for restitution is not a claim for lost wages and benefits, thus the applicable statute of limitations is six years. See Minn. Stat. § 541.05. Under a six-year statute of limitations, Defendants contend, CAFA's class member requirement is satisfied because there have been 130 drivers operating under its trademarks between July 13, 2003 and July 13, 2009 (the date the Complaint was filed).

Minnesota Statute Section 541.07(5) defines the terms "wages" as "all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists[.]" Minnesota's federal district courts have applied Section 541.07(5)'s two or three-year limitations period in cases where plaintiffs were employees seeking to recover wages or benefits they claimed were owed to them by their respective employers. Botten v. Shorma, 440 F.3d 979, 980 (8th Cir. 2006) (plaintiff sought recovery of bonuses and incentives allegedly due him); Kulinski v. Medtronic BioMedicus, Inc., 112 F.3d 368, 371 (8th Cir. 1997) (plaintiff sought recovery of severance benefits allegedly due him); Burns v. Kraft Foods North Am. Inc., No. 03-

CV-5015, 2004 WL 2283548, at *1-2 (D. Minn. Aug. 26, 2004) (plaintiff sought recovery of wages and benefits allegedly due him). By contrast, here, Plaintiffs seek recovery of franchise fees they paid to Defendants. This aspect of Plaintiffs' requested relief cannot be deemed to fall within the ambit of a claim for wages. Rather, Plaintiffs' claim for restitution of franchise fees seeks the return of monies alleged to be wrongfully paid to Defendants. The claim is not merely that Plaintiffs were inadequately compensated; the restitution claim, unlike a wage claim, seeks to reverse the flow of funds from amounts previously paid by Plaintiffs to Defendants. Accordingly, Plaintiffs' claim for restitution is not a claim for wages and, therefore, the applicable statute of limitations is six years. Defendants' evidence that 130 drivers have operated under their trademarks between July 13, 2003, and July 13, 2009, satisfies the class member requirement.

## C. CAFA's Exceptions

Plaintiffs argue that the Court must decline federal jurisdiction because this case falls within one of CAFA's exceptions. CAFA contains two mandatory exceptions from federal jurisdiction, 28 U.S.C. §§ 1332(d)(4)(A) & (B). These exceptions require courts to decline jurisdiction when the dispute is local, that is, within the state in which the action was filed, and does not reach into multiple states. Although, as noted above, the burden is generally on the party opposing remand to establish federal jurisdiction, this Court,[3] along with every Court of Appeals that has considered the issue, has concluded that once CAFA's initial requirements have been satisfied, the burden of proving one of CAFA's exceptions rests with the party asserting the

---

[3] In Moua v. Jani-King of Minnesota, Inc., 613 F.Supp. 2d 1103, 1107 (D. Minn. 2009), this Court held that the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.

exception. Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 153-54 (3d Cir. 2009) ("[O]nce federal jurisdiction has been established under [§1332(d)(2)], the objecting party bears the burden of proof as to the applicability of any express statutory exception under §§1332(d)(4)(A) and (B)." (Second alteration in original) (quoting Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021-22 (9th Cir. 2007))); Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 680 (7th Cir. 2006) (same); Frazier v. Pioneer Americas, LLC, 455 F.3d 542, 546 (5th Cir. 2006) (same); Evans v. Walter Indus., 449 F.3d 1159, 1164 (11th Cir. 2006) (same).

### 1. Local Controversy

Plaintiffs argue federal jurisdiction is lacking under § 1332(d)(4)(A), the so-called "local controversy" exception to federal jurisdiction under CAFA. The "local controversy" exception bars the exercise of federal jurisdiction when (1) greater than two-thirds of the class members are citizens of the state in which the action was originally filed, (2) the principal injuries about which the plaintiffs complain occurred in the state in which the action was originally filed, (3) at least one defendant, from whom significant relief is sought and whose conduct forms a significant basis for the claims asserted, is a citizen of the state in which the action was originally filed, and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the filing of the case. 28 U.S.C. § 1332(d)(4)(A). Defendants confine their challenge to the third and fourth elements, apparently conceding the first and second elements.

Regarding the third element, Plaintiffs argue that they seek significant relief from SuperShuttle Minnesota and that SuperShuttle Minnesota's conduct formed a significant basis for this action. The statute does not expressly define the terms "significant relief" or "significant

basis." However, courts generally consider whether the relief sought from a particular defendant amounts to a significant part of the total relief sought. Evans, 449 F.3d at 1167. Courts compare "the relief sought between all defendants and each defendant's ability to pay a potential judgment." Robinson v. Cheetah Transp., No. 06-0005, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006). If the relief sought from a particular defendant is "'just small change'" compared to the relief sought from the other defendants, then that particular defendant cannot be considered significant. Id. (quoting S. Rep. No. 109-14, at 40 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 38).

SuperShuttle Minnesota is not a Defendant from whom significant relief is sought. Defendants aver SuperShuttle Minnesota is not a profitable entity and has an accumulated deficit of more than $1,000,000. Notice of Removal ¶ 30. SuperShuttle Minnesota is almost entirely dependent on SuperShuttle International for its continued viability. Id. As a result, it is unlikely SuperShuttle Minnesota could satisfy a judgment rendered against it if Plaintiffs prevailed. When the Court compares each Defendant's apparent ability to satisfy a judgment, it is clear that Plaintiffs do not seek "significant" relief from SuperShuttle Minnesota. The lion's share of any putative judgment would likely be borne by SuperShuttle International, a resident of Delaware, and SuperShuttle Franchise, a resident of Arizona. Therefore, the third element of the "local controversy" exception is not fulfilled.

As to the fourth element, Defendants argue that two cases have been filed recently against SuperShuttle International asserting similar allegations.[4] Both cases were filed within

---

[4] Reid, et al. v. SuperShuttle International, Inc., et al., Case No. 08-4854 (E.D.N.Y.) (filed Feb.12, 2009) and Kairy, et al. v. SuperShuttle International, Inc., et al., Case No. 3:08-cv-02993-JSW (N.D. Cal.) (filed Sept.16, 2008).

7

the past three years, which places them within the relevant time period prescribed by § 1332(d)(4)(A)(4). Like this case, Reid and Kairy are class actions alleging misclassification of drivers as "franchisees" rather than "employees," where plaintiffs seek restitution of fees and wages. In fact, sections of the Kairy complaint appear strikingly similar in language to the present complaint. Because the factual allegations in Reid and Kairy are sufficiently similar to those here, and because Reid and Kairy were filed less than three years before this action was filed, the fourth element of CAFA's "local controversy" exception is not met.

## 2. Home-State Controversy

Plaintiffs also argue federal jurisdiction is barred by § 1332(d)(4)(B), the so-called "home-state controversy exception" to federal jurisdiction under CAFA. The home-state controversy exception requires a federal district court to decline jurisdiction over a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Plaintiffs assert that more than two-thirds of the proposed class members are Minnesota citizens. Defendants do not contend otherwise; instead, they argue SuperShuttle International and SuperShuttle Franchise are residents of Delaware and Arizona, respectively, and thus not all of the "primary defendants" are Minnesota citizens.[5] Plaintiffs counter that SuperShuttle Minnesota is the only "primary defendant."

---

[5] As other courts have recognized, the use of the language "the primary defendants" in § 1332(d)(4)(B) rather than "a primary defendant" clearly demonstrates that *all* of the primary defendants must be residents of the state in which the action was originally filed. See Anthony v. Small Tube Mfg. Corp., 535 F. Supp. 2d 506, 515 (E.D. Pa. 2007); Robinson v. Cheetah Transp., No. 06-0005, 2006 WL 3322580, at *3 (W.D. La. 2006).

The term "primary defendant" is not expressly defined in CAFA. However, in Moua, this Court examined the issue and concluded that a primary defendant is one "who (1) has the greater liability exposure; (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to vicariously, or for indemnification or contribution; (4) is the subject of a significant portion of the asserted claims; or (5) is the only defendant named in one particular cause of action." Moua, 613 F.Supp. 2d at 1108 (citing Brook v. UnitedHealth Group Inc., No. 06 CV 12954, 2007 WL 2827808, at *5 (S.D.N.Y. Sep. 27, 2007)).

Plaintiffs argue that SuperShuttle International and SuperShuttle Franchise have chosen to do business through SuperShuttle Minnesota. Beyond that, Plaintiffs present no evidence as to why SuperShuttle Minnesota is the *only* primary defendant. Given the previous conclusion that SuperShuttle Minnesota would likely be unable to satisfy a judgment in this action and, therefore, SuperShuttle International and SuperShuttle Franchise would likely be responsible for any potential judgment, it is clear that SuperShuttle International and SuperShuttle Franchise are the primary defendants. Furthermore, on the face of the Complaint, Plaintiffs make no distinction among Defendants in asserting their allegations. Based on these circumstances, the Court cannot discern why SuperShuttle Minnesota should be considered a primary defendant, but SuperShuttle International or SuperShuttle Franchise should not. Plaintiffs have failed to satisfy their burden of proving the home-state controversy exception, and, therefore, federal jurisdiction is proper.[6]

---

[6] In addition to the exceptions under CAFA that *require* a district court to decline federal jurisdiction, a district court also has *discretion* to decline federal jurisdiction in certain cases. See 28 U.S.C. § 1332(d)(3). However, § 1332(d)(3) requires that "the primary defendants" be citizens of the state in which the action was originally filed. Since the Court finds that SuperShuttle International and SuperShuttle Franchise are "primary defendants," yet they are not citizens Minnesota (the state in which the action was originally filed), this provision is unavailing to Plaintiffs.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Docket No. 5] is **DENIED**.

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 29, 2010.