UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mack Green, Robynne Barber,
Michael Kennedy, Leon Gilmer,
Michael A. Robertson, David Thomas,
Eddie L. Oliver, and Andre T. Shipp,
and all others similarly situated,

        Plaintiffs,                          **MEMORANDUM OPINION
                                                          AND ORDER**
      v.                                           Civil No. 09-2129 ADM/JJG

SuperShuttle International, Inc.,
SuperShuttle Franchise Corporation, and
SuperShuttle of Minnesota, Inc.,

        Defendants.

___

Daniel W. Schermer, Esq., Daniel W. Schermer, P.A.; Judith K. Schermer, Esq., Judith K. Schermer, PLLC; and Mark A. Greenman, Esq., Law Office of Mark A. Greenman, Minneapolis, MN, on behalf of Plaintiffs.

Sari M. Alamuddin, Esq., and John W. Drury, Esq., Morgan Lewis & Bockius LLP, Chicago, IL; Nicole Haaning, Esq., Dorsey &Whitney, LLP, Minneapolis, MN, on behalf of Defendants.

___

## I. INTRODUCTION

On August 26, 2010, the undersigned United States District Judge heard oral argument on Defendants SuperShuttle International, Inc., SuperShuttle Franchise Corporation, and SuperShuttle of Minnesota, Inc.'s (collectively "Defendants") Motion to Dismiss or Stay and Compel Arbitration [Docket No. 9]. For the reasons set forth below, Defendants' Motion is granted.

## II. BACKGROUND

The factual background of this litigation is set forth in the Court's previous order and will not be repeated here. See January 29, 2010 Order [Docket No. 42]. By way of summary,

Defendants own and operate a shared-ride shuttle service to the Twin Cities International Airport. Notice of Removal [Docket No. 1], Ex. A (Compl.) ¶ 23. Plaintiffs, the majority of whom are Minnesota residents, are current and former employees of Defendants. Plaintiffs allege that as a condition of employment, Defendants required them to enter into Unit Franchise Agreements ("UFA") specifying the rights and obligations of the parties. Compl. ¶ 30. Plaintiffs claim they have been improperly characterized as "franchisees" rather than as "employees" in violation of the Minnesota Fair Labor Standards Act. Id. Plaintiffs seek to recover lost wages, employment benefits, and restitution of franchise fees. Id. ¶¶ 31-38.

Defendants removed the action to federal court asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and Plaintiffs moved to remand the case to state court. By Order dated January 29, 2010, the Court denied Plaintiffs' motion to remand and Plaintiffs appealed. The Eighth Circuit summarily affirmed [Docket No. 53].

Defendants now move to dismiss or stay and compel arbitration arguing that under the UFA, Plaintiffs are required to submit their claims to arbitration. The arbitration clause provides:

> [A]ny controversy arising out of this Agreement . . . shall be submitted to the American Arbitration Association . . . for final and binding arbitration in accordance with its commercial rules and procedures that are in effect at the time the arbitration is filed . . . . Nothing in this Agreement shall be construed as limiting or precluding either party from bringing any action in any court of competent jurisdiction for injunctive or other extraordinary relief.

Robertson Decl. [Docket No.12], Ex. A at 33.

The UFA also includes a class action waiver provision which provides:

> Any arbitration, suit, action or other legal proceeding shall be conducted and resolved on an individual basis only and not on a

class-wide, multiple plaintiff or similar basis.

Id.

### III. DISCUSSION

The Federal Arbitration Act ("FAA" or "the Act"), 9 U.S.C. §§ 1-16, governs arbitration agreements relating to transactions involving interstate commerce. The Act provides:

> A written provision . . . or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Act establishes a "federal policy favoring arbitration," requiring that courts "rigorously enforce agreements to arbitrate." Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987) (quotations omitted). "Generally, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Telectronics Pacing Sys., Inc. v. Guidant Corp., 143 F.3d 428, 433 (8th Cir. 1998) (quotation omitted) (alteration in original). In considering a motion to compel arbitration, a district court is required to determine (1) whether a valid agreement to arbitrate exists between the parties and (2) whether the specific dispute is within the scope of that agreement. Pro Tech Indus., Inc. v. URS Corp., 377 F.3d 868, 871 (8th Cir. 2004).

Here, Plaintiffs bring three challenges to the arbitration agreement. First, Plaintiffs argue

they are exempt from application of the FAA because they are "workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Next, Plaintiffs argue their claims fall outside the scope of the arbitration agreement because they do not, strictly speaking, "arise out of" the agreement. Finally, Plaintiffs contend that the waiver of class action provision is unenforceable because it deprives them of substantive rights guaranteed by Minnesota law. Defendants respond the parties' agreement delegates to the arbitrator the first two disputed issues, thus the Court must compel arbitration of these two matters without reaching the merits of Plaintiffs' arguments. Defendants also assert the class action waiver provision is enforceable.

"The question of whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002); AT&T Techs., Inc. v. Commc'n Workers, 475 U.S. 643, 649 (1986). Here, the parties clearly and unmistakably agreed to assign the question of arbitrability to the arbitrator in the first instance. The agreement mandates arbitration in accordance with the American Arbitration Association's ("AAA") Commercial Arbitration Rules. Rule 7 provides "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." By incorporating Rule 7 into their agreement, the parties clearly and unmistakably evinced their intention to grant the arbitrator the authority to determine issues of arbitrability. Fallo v. High-Tech Inst., 559 F.3d 874, 877-78 (8th Cir. 2009) ("[T]he arbitration provision's incorporation of the AAA Rules . . . constitutes a clear and unmistakable expression of the parties' intent to leave the question of arbitrability to an arbitrator."). Thus, the Court need not address the gateway issues of whether

4

Plaintiffs are exempt from the FAA pursuant to the "transportation workers" exclusion or whether Plaintiffs' claims fall outside the scope of the arbitration agreement, because the parties have agreed to arbitrate these questions.

Having decided that this matter should be referred to arbitration, the issue remaining is whether the Court should direct the arbitrator to adjudicate this dispute as a class action or on an individual basis. Defendants argue that the Court is not authorized to order a class action arbitration, as the arbitration agreement specifically precludes class treatment. Plaintiffs respond that class treatment is appropriate because the class-action waiver contained in the arbitration agreement violates Minn. Stat. § 80C.14 which makes it an "unfair and inequitable practice" to "restrict or inhibit, directly or indirectly, the free association among franchisees for any lawful purpose" or to "require a franchisee to waive his or her rights to a jury trial or to waive rights to any procedure, forum or remedies provided for by laws of the jurisdiction." Minn. R. 2860.4400 (A), (J).

Twin Cities Galleries, LLC v. Media Arts Group, Inc., the lone case cited by Plaintiffs, interprets rule 2860.4400 as prohibiting choice of law provisions in franchise agreements. 415 F. Supp. 2d 967, 975 (D. Minn. 2006). Plaintiffs cite to no legal authority that rule 2860.4400 also prohibits class action waiver provisions. In fact, the Eighth Circuit has twice upheld the proposition that class waivers in arbitration agreements are enforceable. See Cicle v. Chase Bank, USA, 583 F.3d 549, 556 (8th Cir. 2009); Pleasants v. American Exp. Co., 541 F.3d 853, 858-59 (8th Cir. 2008). Furthermore, the plain language of the arbitration agreement expressly precludes Plaintiffs from bringing class claims and requires the resolution of disputes "on an individual basis only and not on a class-wide, multiple plaintiff, consolidated or similar basis."

5

This abundantly clear waiver provision was printed in the same sized text as the other provisions of the agreement. Although the waiver prevents Plaintiffs from pursuing a class action, it does not waive Plaintiffs' right to pursue their claims against Defendants. Plaintiffs are free to do so, but, in accordance with the parties' agreement, must submit their claims to arbitration on an individual basis. Plaintiffs have not shown that their substantive rights will be hindered by bringing their claims to arbitration individually nor have they provided any legal authority that Minnesota law views class action litigation as a non-waivable right. Thus, the Court declines to vitiate the agreement's explicit provisions and is obligated to enforce its terms. Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., --- U.S. ---, 130 S.Ct. 1758, 1773-74 (2010) (concluding that "arbitration is a matter of consent" and determining that "courts and arbitrators must 'give effect to the contractual rights and expectations of the parties.' . . . In this endeavor, as with any other contract, the parties' intentions control.") (quoting Volt Info. Scis. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 479 (1989)) (other internal quotation marks omitted); Livingston v. Assocs. Fin., Inc., 339 F.3d 553, 559 (7th Cir. 2003) (citing Champ v. Siegel Trading Co., Inc., 55 F.3d 269, 274 (7th Cir. 1995)).

Finally, 9 U.S.C. § 3 provides that when a suit pending in federal court is subject to arbitration, the court "shall . . . stay . . . the action until such arbitration has been had." Despite this statutory language, the majority of courts in this district have held that a stay serves no clear purpose and the action should be dismissed "where the entire controversy between the parties is subject to and will be resolved by arbitration." Jann v. Interplastic Corp., 631 F. Supp. 2d 1161, 1167 (D. Minn. 2009) (collecting cases). Because the entire dispute is subject to arbitration, the Court will compel arbitration of Plaintiffs' claims and dismiss the Complaint without prejudice.

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration and Dismiss or Stay [Docket No. 9] is **GRANTED** and the Complaint is **DISMISSED WITHOUT PREJUDICE. LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 13, 2010.